UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IDA GAGE, | ) | CASE NO. 1:05 CV 2902 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| R. JAMES NICHOLSON, SECRETARY VETERAN'S AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

On December 15, 2005, pro se plaintiff Ida Gage filed the above-captioned in forma pauperis civil action against R. James Nicholson, Secretary of Veteran's Affairs. Ms. Gage alleges that the defendant harassed her based on her disability in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.[1]

Background

Ms. Gage is employed by the Department of Veteran's Affairs. Some time during 2002, she

---

[1] Ms. Gage cited 42 U.S.C. § 2000e. Title VII under "Cause of Action" on the Civil Cover sheet she filed with the complaint.

suffered a back and neck injury. She later filed a charge with the Equal Employment Opportunity Commission (E.E.O.C.). Just prior to her hearing before the E.E.O.C. on July 22, 2003 she alleges she was not permitted sufficient time to prepare for her case. Her supervisor, Ms. Ziebro, and the Chief of Labor Management explained that she was limited to one hour of annual leave. Although the results of the hearing are not detailed in the complaint, Ms. Gage does allege that she was given a light work duty assignment.

One month after the E.E.O.C. hearing, a co-worker complained that she did not have enough pills in the bin. As a result, Ms. Ziebro required that Ms. Gage pre-pack more pills, even though her co-workers were not required to do so. She states that Ms. Ziebro complained that she was not performing the work described in her light duty job description. Ms. Gage later re-injured her back bending over to replace paper when her supervisor failed to fill the "ATC machine."

Ms. Gage later learned that Ms. Ziebro contacted the Human Resources Office on September 17, 2003 to request updated medical information about plaintiff's injuries. Ms. Gage then spoke with Worker's Compensation Specialist Don Sambrook who advised that her supervisor was, in fact, attempting to move her out of the pharmacy, "but [he] felt like it was not in his jurisdiction to do anything." (Compl. at 1.)

On October 1, 2003, Ms. Gage was required to take a "fitness for duty" examination. She believes that Ms. Ziebro imposed this requirement in an effort to remove her from her light duty position in the pharmacy. This was allegedly the first of many instances of "harassment" Ms. Gage suffered as a result of her disability and in retaliation for "previous EEO activity under the Rehabilitation Act." (Compl. at 1.) She alleges Ms. Ziebro used her authority to encourage another employee to "write up the complainant . . . so Ms. Ziebro could never be looked upon as

2

discriminating or harassing." (Compl. at 2.) As a result of her supervisor's actions Ms. Gage was removed from her position in the pharmacy.

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

## Title VII

It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). While the statute affords protection for a broad class of individuals, that class does not extend to individuals seeking protection based disability discrimination. Although Ms. Gage's reference to her disability suggests she may be asserting some claim of discrimination by defendants based on her disability,

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

the complaint is devoid of any facts setting forth a basis for relief under Title VII. Therefore, she has failed to state a claim under Title VII.

Under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, a complaint must contain a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a): Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In this context, it is apparent that Ms. Gage has asserted a claim of reprisal discrimination under the Rehabilitation Act.

*Rehabilitation Act*

The Rehabilitation Act is a federal employee's exclusive remedy for employment related discrimination based on a disability. See 42 U.S.C. § 12111(5)(B) (defining employers under the ADA, and excluding the United States or a corporation wholly owned by the United States government as a covered employer);see also Peltier v. United States, 388 F.3d 984, 989 (6th Cir.2004) ("the Rehabilitation Act, 29 U.S.C. § 791, et seq .... provides the remedy for federal employees alleging disability discrimination"). Moreover, the anti-retaliation provision of the Rehabilitation Act incorporates by reference § 12203(a) of the Americans with Disabilities Act, which provides in relevant part that "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this Act. 29 U.S.C. § 794(a)(1994)." Hiler v. Brown, 177 F.3d 542, 545 (6th Cir. 1999). As such, the Rehabilitation Act affords Ms. Gage the same "remedies, procedures, and rights" set forth in Title VII of the Civil

4

Rights Act as an aggrieved federal employee. Id.; Smith v. United States Postal Serv., 742 F.2d 257, 259 (6th Cir.1984).

Based on the foregoing, Ms. Gage is **granted** leave to proceed in forma pauperis and her Title VII claims against the defendant are dismissed. The court certifies that an appeal from the dismissal of her Title VII claim could not be taken in good faith.[3] **Her claims based on violations of the Rehabilitation Act shall proceed against the Secretary of Veteran's Affairs.** The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendant.

IT IS SO ORDERED.

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

March 6, 2006

---

[2] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

5