**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IDA GAGE, | ) | CASE NO.1:05CV2902 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

<u>CHRISTOPHER A. BOYKO, J:</u>

This matter is before the Court on Defendant United States of America's Motion for Summary Judgment (ECF # 18).  For the following reasons, the Court grants Defendant's Motion and the case is removed from the Court's active docket.

<u>FACTS</u>

On December 15, 2005, Plaintiff Ida Gage ("Plaintiff") filed her Complaint in this Court alleging harassment and reprisal in her workplace due to her disability in violation of the Rehabilitation Act and Title VII of the Civil Rights Act.  Pursuant to 28 U.S.C. §1915(e), this Court dismissed Plaintiff's Title VII claims for failing to assert facts setting forth a basis for relief under Title VII.  The Court allowed her claims under the Rehabilitation Act to proceed.

1

On January 25, 2007, Defendant filed its Motion for Summary Judgment.  On February 23, 2007, Plaintiff filed her Opposition and on March 6, 2007, Defendant filed its Reply.

The Court reiterates the facts set forth in its Memorandum of Opinion and Order dated March 6, 2006, as alleged in Plaintiff's Complaint. Plaintiff is employed by the Department of Veteran's Affairs. In  2002, she suffered a back and neck injury while at work.  She later filed a charge with the Equal Employment Opportunity Commission (E.E.O.C.).  Just prior to her hearing before the E.E.O.C. on July 22, 2003, she alleges she was not permitted sufficient time to prepare for her case.  Her supervisor, Ms. Ziebro, and the Chief of Labor Management explained that she was limited to one hour of annual leave.  Although the results of the hearing are not detailed in the complaint, Plaintiff does allege that she was given a light work duty assignment.

One month after the E.E.O.C. hearing,  a co-worker complained that she did not have enough pills in the bin.  As a result, Ms. Ziebro required that Plaintiff pre-pack more pills, even though her co-workers were not required to do so.  She states that Ms.  Ziebro complained that she was not performing the work described in her light duty job description. Plaintiff later re-injured her back bending over to replace paper when her supervisor failed to fill the "ATC machine."

Plaintiff later learned that Ms.  Ziebro contacted the Human Resources Office on September 17, 2003 to request updated medical information about Plaintiff's injuries.  Plaintiff then spoke with Worker's Compensation Specialist Don Sambrook who advised that her supervisor was attempting to move her out of the pharmacy, "but [he] felt like it was not in his jurisdiction to do anything."  (Compl. at 1.)

2

On October 1, 2003, Plaintiff was required to take a "fitness for duty" examination.  She believes Ms. Ziebro imposed this requirement in an effort to remove her from her light duty position in the pharmacy.  This was allegedly the first of many instances of "harassment" Plaintiff suffered as a result of her disability and in retaliation for "previous EEO activity under the Rehabilitation Act." (Compl. at 1.)  Plaintiff alleges Ms.  Ziebro used her authority to encourage another employee to "write up the complainant . . . so Ms. Ziebro could never be looked upon as discriminating or harassing."  (Compl. at 2.)  As a result of her supervisor's actions Plaintiff was removed from her position in the pharmacy.  Plaintiff alleges she has been transferred several times and is about to be transferred again.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, this Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Circ. 1996). "Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

In *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 581 (6th Cir.1992) the Sixth Circuit held, "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of evidence that the plaintiff is entitled to a verdict ..." quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

4

The Sixth Circuit went on to say, "the 'mere possibility' of a factual dispute is not enough. Rather, in order to defeat summary judgment a plaintiff must come forward with more persuasive evidence to support [his or her] claim than would otherwise be necessary. Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted." *Mitchell* at 581.

## Rehabilitation Act

The Rehabilitation Act is a federal employee's exclusive remedy for employment related discrimination based on a disability. See 42 U.S.C. § 12111(5)(B) (defining employers under the ADA, and excluding the United States or a corporation wholly owned by the United States government as a covered employer); *see also Peltier v. United States,* 388 F.3d 984, 989 (6th Cir.2004) ("the Rehabilitation Act, 29 U.S.C. § 791, et seq .... provides the remedy for federal employees alleging disability discrimination").  Moreover, the anti-retaliation provision of the Rehabilitation Act incorporates by reference § 12203(a) of the Americans with Disabilities Act ("ADA"), which provides in relevant part that "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this Act. 29 U.S.C. § 794(a)(1994)." *Hiler v. Brown*, 177 F.3d 542, 545 (6th Cir. 1999).  As such, the Rehabilitation Act affords Plaintiff the same "remedies, procedures, and rights" set forth in Title VII of the Civil Rights Act as an aggrieved federal employee. *Id.; Smith v. United States Postal Serv.,* 742 F.2d 257, 259 (6th Cir.1984).

The Sixth Circuit has held district courts must apply the burden shifting analysis in claims of discrimination under Title VII to claims of disability discrimination under the

5

Rehabilitation Act. *Gribcheck v. Runyon,* 245 F.3d 547, 550 (6th Cir.2001). The plaintiff has the initial burden to set forth a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its actions. *Id.* If the defendant satisfies its burden, the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination. *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981). The ultimate burden of persuasion remains at all times with the plaintiff. *Id.*

Plaintiff's Complaint alleges discrimination, retaliatory harassment and hostile work environment harassment all brought under the Rehabilitation Act.  All three causes of action are analyzed using the comparable Title VII tests.

**Disability Discrimination**

To establish a *prima facie* case of disability discrimination, Plaintiff must show "(1) she was an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation, and (3) who was discriminated against solely because of the disability."  *Paultz v. Potter,* 156 F.Appx. 812, 816-817, (6th Cir. 2005), citing *Mahon v. Crowell,* 295 F.3d 585, 589 (6th Cir.2002). " In a case such as this, the third element requires a plaintiff to have suffered an adverse employment action." *Paultz* at 817 citing *Smith v. Henderson,* 376 F.3d 529 (6th Cir.2004). "An adverse employment action is a 'materially adverse change in the terms or conditions of ... employment because of [the] employer's conduct.'" *Paultz* at 817 quoting  *Mitchell v. Vanderbilt Univ.,* 389 F.3d 177, 182 (6th Cir.2004).

Defendant contends Plaintiff has failed to allege she is disabled under the relevant ADA

6

standard.  In order to demonstrate she suffers from a disability, Plaintiff must show she suffers from "a physical or mental impairment that substantially limits one or more of [her] major life activities." 29 U.S.C. § 705(20)(A).  "'Substantially limits' is difficult to define, but in the Supreme Court's words, [s]ubstantially' in the phrase 'substantially limits' suggests 'considerable' or 'to a large degree.' " *Mahon,* 295 F.3d at 590 (quoting in part *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams,* 534 U.S. 184, 196 (2002)). "Major life activities are 'activities that are of central importance to daily life.'" *Mahon,* 295 F.3d at 590 (quoting *Williams,* at 197). Major life activities include "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Mahon,* 295 F.3d at 590 (quoting 45 C.F.R. § 84.3(j)(2)(ii)). "The Supreme Court emphasized that "these terms need to be interpreted strictly to create a demanding standard for qualifying as disabled." *Mahon,* 295 F.3d at 590 (quoting *Williams* at 197).

"Under the ADA and the Rehabilitation Act, an individual who is "regarded as" disabled counts as disabled for purposes of the acts." *Mahon* at 592 citing 42 U.S.C. §12102(2)(C).  When a court must determine if an employee was "considered disabled by her employer for purposes of the Rehabilitation Act, a plaintiff must demonstrate, "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Mahon* at 592.

The Court finds Plaintiff has failed to demonstrate she is disabled under the applicable ADA definition as incorporated in the Rehabilitation Act.  The record is wholly devoid of any medical evidence.  Plaintiff has failed to present an affidavit and fails to cite to relevant

deposition testimony that would satisfy her *prima facie* requirements.  There is no testimony or competent medical evidence cited by Plaintiff that describes the seriousness of her injuries that would permit this court find her injuries are substantially limiting a major life activity. Plaintiff's Complaint and Brief in Opposition to Summary Judgment merely allege she is disabled, that she injured her neck and back while pushing a cart at work and that she is on light duty.  The fact that Plaintiff was put on a light duty assignment, by itself, is not sufficient to establish she is disabled or alternatively, that her employer believed she was disabled for purposes of a Rehabilitation Act claim of discrimination.  See *Johnson v. City of Mason,* 101 F. Supp.2d 566 574 (S.D. Ohio 2000) ("Just because an employer honors an employee's medical restrictions for his assignment to light duty does not necessarily infer that the employer believes that employee is "disabled").  In fact, Plaintiff was off work for one month and returned with a light duty assignment.  The Court has not been pointed to any evidence Plaintiff's injuries are permanent.  "Many impairments do not impact an individual's life to the degree that they constitute a "disability".  *Johnson* at 574 citing 29 C.F.R. 1630.2(j).  That Plaintiff suffered an injury is not in dispute.  However, it is Plaintiff's burden to show she is disabled under the ADA. Because she has presented no medical evidence and points to no personal testimony on the extent of her injuries, whether they were substantially limiting, whether they affect a major life activity or whether her employer regards her as disabled, this Court finds Plaintiff has not met her *prima facie* burden in demonstrating a discrimination claim under the Rehabilitation Act and the Court grants Defendant's Motion for Summary Judgment accordingly.

**Retaliation and Hostile Work Environment**

Plaintiff need not demonstrate she is under a "disability" to maintain a claim of retaliation under the Rehabilitation Act. *Davis v. Flexman,* 109 F.Supp.2d 776, 801-02 (S.D.Ohio 1999); *see Barrett v. Lucent Technologies, Inc.*, 36 Fed.Appx. 835, 840 (6th Cir.2002).

In a retaliatory harassment claim, Plaintiff may establish a *prima facie* by demonstrating: 1) she was engaged in a protected activity; 2) the defendant knew of the protected activity; 3) the defendant thereafter took adverse employment action against the plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment by a supervisor; and 4) a causal connection between the protected activity and the adverse employment action or harassment. See *Hardy v. Potter,* 191 F.Supp.2d 873, 882 (E.D.Mich.,2002) citing *Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 792 (6th Cir.2000).

An adverse action must be "materially adverse." *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 886 (6th Cir.1996). "Reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Hardy* at 882 citing *Yates v. Avco Corp.,* 819 F.2d 630, 638 (6th Cir.1987). "In order to constitute a material adverse employment claim, the decision must result in a loss of pay, benefits, or duties." *Hardy* at 882 citing *Kocsis,* 97 F.3d at 886. "Mere inconvenience or an alteration of job responsibilities does not constitute a material adverse action." *Id.*

In order to maintain a hostile work environment claim under the Rehabilitation Act Plaintiff must prove: (a) she was a member of the protective class, that is, she was disabled; (b) she was subjected to unwelcomed harassment; (c) the harassment was based on her disability; (d)

the harassment had effect of unreasonably interfering with her work performance by creating an

intimidating, hostile or offensive work environment ; and (e) the existence of liability on the part

of Defendant. *Gentry v. Summit Behavioral Healthcare,* 197 Fed. Appx. 434, 437-38 (6th Cir.

2006) *citing  Hafford v. Seidner,* 183 F.3d 506, 512 (6th Cir.1999).

　　　　Because this Court has already determined Plaintiff has failed to establish she is disabled

under the Rehabilitation Act she cannot make a *prima facie* showing of hostile work

environment harassment and the Court grants summary judgment for Defendant accordingly.

However, the Court will address her individual allegations of retaliatory harassment.

　　　　Defendant acknowledges Plaintiff filed a complaint or, more accurately, filed several

complaints with the EEOC and Defendant confirms it had knowledge of Plaintiff's EEOC

filings.  Defendant disputes its actions were materially adverse to Plaintiff or were causally

connected to her filing of EEOC complaints.   In looking at the evidence, or lack thereof, the

Court agrees.

　　　　Plaintiff first contends her supervisor Ziebro harassed/retaliated against her by requesting

updated medical information on Plaintiff's medical condition arising from her workplace injury

and ordering a fitness for duty examination which Plaintiff alleges she first learned of from a co-

worker.  Plaintiff contends this was an attempt by her supervisor to remove her from the

pharmacy light duty position.  Plaintiff offers no supporting evidence and fails to explain how a

fitness for duty examination or request for medical information is an adverse employment action.

Defendant demonstrated that under 5 C.F.R. §339.301(b)(3) an agency may require an individual

report for a medical examination "whenever there is a direct question about an employee's

continued capacity to meet the physical or medical requirements of a position." Because Plaintiff

10

was put on light duty, a temporary position, Defendant was authorized by regulation to require she submit to a medical examination to determine her capacity to perform the requirements of the position.  Nothing before this Court supports the inference there was any retaliatory or harassing motivation, nor does the mere ordering of a fitness examination constitute an adverse employment action when it is authorized by applicable workplace regulations.

Plaintiff also contends a co-worker told her Plaintiff was owed money from a workers compensation case and that he had obtained this information from a supervisors computer. Plaintiff further alleges this information was placed in an interoffice envelope and placed in Plaintiff's office mailbox where anyone could have read it.  Plaintiff does not point this Court to any testimony or evidence supporting her contentions that a co-worker or supervisor improperly sent her confidential mail or looked up personal information about Plaintiff.  Regardless, this Court fails to understand how these instances, if true, demonstrate an adverse employment action by Defendant or were done to harass Plaintiff.

Plaintiff further contends she was required to pack more pills than her co-workers. Plaintiff offers no competent Fed. R. Civ. P. 56(e) evidence of this and offers no evidence that similarly-situated employees were treated differently.  Therefore, the Court finds Plaintiff 's allegations alone do not support a claim for unlawful retaliation or harassment.

Plaintiff contends she reinjured her back when she filled the ATC machine with paper because her supervisor disappeared when the paper ran out.  Furthermore, Plaintiff contends her light duty assignment did not require her to replace the paper.  Again, Plaintiff offers no evidence that this event actually occurred.  Even if it did occur, there is no evidence Plaintiff was ordered to replace the paper by her supervisor or was in any way expected to replace the paper.

11

Therefore, this allegation does not support her *prima facie* obligation to demonstrate an adverse employment action nor does it demonstrate harassment.

Also, the Court finds no evidence that a co-worker walking in front of her constituted harassment. Plaintiff claims it happened two or three times and then stopped.  Because this is a co-worker action, not that of a supervisor and because the evidence demonstrates it stopped after Plaintiff talked to her supervisor, it does not support a finding that it was severe or pervasive and, when brought to Defendant's attention, it stopped.  Therefore, the Court finds Plaintiff has not made a *prima facie* showing that a co-worker walking in front of her two or three times constitutes an adverse employment action or severe and pervasive harassment.

Also, Plaintiff makes the bare bones allegation her supervisor encouraged another employee to file a harassment action against Plaintiff.  There is no evidence to support this allegation nor is there evidence an employee ever, in fact, filed a harassment action against Plaintiff.  Therefore, the Court finds Plaintiff has not established a  *prima facie* case of retaliation or harassment.

Finally, Plaintiff contends she was not given sufficient time to prepare for an EEOC hearing.  Plaintiff contends she was told she could have all the time she needed but was then required to take an hour of annual leave. Plaintiff has failed to allege or proffer evidence that requiring an employee use an hour of annual leave was a materially adverse employment action. There is no evidence other employees were given administrative leave and were not required to use annual leave.  There is no evidence that the policy of Defendant required it give Plaintiff administrative leave for the hours she spent at the EEOC hearing.  Therefore, in the absence of such evidence the Court finds Plaintiff has failed to establish a *prima facie* case of retailiation or

harassment.

In summary, Plaintiff has offered no competent evidence supporting any of her claims under the Rehabilitation Act.  Furthermore, the Court will not consider any claims made in her Opposition to Summary Judgment that were not alleged in her Complaint.

Therefore, for the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment on all claims and Plaintiff's case is removed from the Court's active docket.

IT IS SO ORDERED.

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

April 7, 2008